CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 28 2012

JULIA C. [signature], CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RAYMOND DARNELL JOHNSON,** | ) | CASE NO. 7:12CV00410 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| **HAROLD CLARKE,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Raymond Darnell Johnson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Johnson challenges the August 1995 judgment of the Orange County Circuit Court under which he stands convicted of malicious wounding and felony use of a firearm and sentenced to 20 years in prison. Upon review of the record, the court summarily dismisses the petition as untimely filed.

A person confined under the judgment of a state court has one year to file a petition for a writ of habeas corpus under § 2254, starting from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1)(A)-(D), as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). A conviction becomes final when petitioner has exhausted his

available opportunities for direct review. Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. If the district court gives the defendant notice that his petition appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Johnson's petition and state court records online indicate that the Orange County Circuit Court entered judgment against Johnson on August 25, 1995. Johnson did not appeal. In June 2008, Johnson submitted a habeas petition to the Supreme Court of Virginia complaining about a parole issue. The Court refused Johnson's habeas petition on July 16, 2008. In April 2012, Johnson filed a second habeas corpus petition to the Supreme Court of Virginia, raising claims similar to those he presents in his federal petition. The Supreme Court of Virginia dismissed the petition on June 22, 2012 as untimely filed.

Johnson signed and dated his § 2254 petition on August 27, 2012. Johnson asserts that (a) petitioner's incarceration under the 1995 criminal judgment is "felony kidnapping . . . because the papers to show the judicial order signed by the judge under his full judicial powers to incarcerate anyone is [sic] not in place," and (b) petitioner was deprive[d] of due process of law and equal protection . . . ." (Pet. 5-6.) By order entered September 5, 2012, the court notified Johnson that his § 2254 petition appeared to be untimely filed under § 2244(d)(1). The court granted Johnson an opportunity to contradict any of the stated facts about Johnson's post-conviction proceedings in state court and to submit any other additional information on the timeliness issue. The court expressly notified Johnson that failure to provide such information

2

would result in summary dismissal of his petition under § 2244(d)(1). Johnson responded to the order by reasserting his claims that his confinement violates his constitutional rights.

After review of the undisputed online records and Johnson's submissions,[1] the court concludes that Johnson's petition must be summarily dismissed as untimely under § 2244(d)(1). Johnson's conviction became final on September 25, 1995, the last day on which he could have filed an appeal to the Court of Appeals of Virginia. See VA. SUP. CT. RULE 5A:6(a). Because Johnson's conviction became final before April 24, 1996, the date on which AEDPA became effective, he had until April 24, 1997, to file a timely federal habeas petition. See Hernandez v. Cardwell, 225 F.2d 435, 439 (4th Cir. 2000). Johnson did not file a § 2254 petition within this period. Johnson's 2008 and 2012 state habeas petitions did not toll the federal filing period under § 2244(d)(2), because he filed them after that period had expired. Therefore, Johnson's § 2254 petition is untimely under § 2244(d)(1)(A).

Johnson fails to present any reason that his federal petition could be considered timely under the other subsections of § 2244(d). He does not describe any state-created impediment that prevented him from filing a timely petition, does not present any claim based on a constitutional right newly recognized by the United States Supreme Court, and does not identify any particular fact necessary to his current claims that he could not have discovered earlier through the exercise of due diligence. See § 2244(d)(1)(B)-(D). Johnson also fails to present any ground on which he is entitled to equitable tolling of the federal filing period. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005) (finding that to be entitled to equitable tolling,

---

[1] A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent). Johnson argues that his § 2254 petition should be considered timely, because he recently discovered that "he was deprived of his right to due process of law and is wrongfully convicted." (ECF N. 4, p. 1.) An inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling, however. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

For the reasons stated, the court finds that Johnson's § 2254 petition was not timely filed and that Johnson fails to present any ground on which he is entitled to equitable tolling. Therefore, the court dismisses Johnson's petition under § 2244(d)(1)(A). An appropriate order will enter this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The court finds that petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right" and therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of September, 2012.

*/s/ Glen E. Conrad*
Chief United States District Judge